# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 19-0999V
UNPUBLISHED

|  |  |
|---|---|
| DARLA NEELEY,<br><br>                    Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                    Respondent. | Chief Special Master Corcoran<br><br>Filed: March 8, 2021<br><br>Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Pneumococcal Conjugate Vaccine;<br>Shoulder Injury Related to Vaccine<br>Administration (SIRVA) |

*Paul R. Brazil, Muller Brazil, LLP, Dresher, PA, for petitioner.*

*Sarah Christina Duncan, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION AWARDING DAMAGES[1]

On July 12, 2019, Darla Neeley filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a right shoulder injury related to vaccine administration ("SIRVA") as a result of a pneumococcal conjugate vaccine received on November 3, 2017. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On December 4, 2020, a ruling on entitlement was issued, finding Petitioner entitled to compensation for SIRVA. On March 8, 2021, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $60,605.00. Proffer at 2. In the Proffer, Respondent represented that Petitioner agrees with the

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $60,605.00 (representing $60,500.00 for pain and suffering and $105.00 for past unreimbursable expenses) in the form of a check payable to Petitioner.** This amount represents compensation for all damages that would be available under § 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

|  |  |  |
|---|---|---|
| | ) | |
| DARLA NEELEY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | No. 19-999V |
| v. | ) | Chief Special Master Corcoran |
| | ) | ECF |
| SECRETARY OF HEALTH AND HUMAN | ) | |
| SERVICES, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

On July 12, 2019, Darla Neeley ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), alleging that she suffered a right shoulder injury related to vaccine administration ("SIRVA") as a result of a pneumococcal conjugate vaccine ("PCV-13") she received on November 3, 2017.[1]  Petition at 1.  On December 2, 2020, the Secretary of Health and Human Services ("respondent") filed a Rule 4(c) Report recommending that compensation be awarded, and the Chief Special Master issued a Ruling on Entitlement finding petitioner entitled to compensation on December 4, 2020.  ECF No. 16; ECF No. 17.

**I.**     **Items of Compensation**

**A.**     Pain and Suffering

Respondent proffers that petitioner should be awarded $60,500.00 in actual pain and suffering.  Petitioner agrees.

---

[1] Petitioner also received a flu vaccine in her left deltoid the same day.  Exhibit ("Ex.") 1 at 428.

B.     Past Unreimbursable Expenses

Evidence supplied by petitioner documents Darla Neeley's expenditure of past

unreimbursable expenses related to her vaccine-related injury.  Respondent now proffers that,

based on the Chief Special Master's entitlement decision and the evidence of record, petitioner

should be awarded past unreimbursable expenses in the amount of $105.00, as provided under

the Vaccine Act, 42 U.S.C. § 300aa-15(a)(1)(B).  Petitioner agrees.

These amounts represent all elements of compensation to which petitioner is entitled

under 42 U.S.C. § 300aa-15(a).  Petitioner agrees.

**II.     Form of the Award**

Petitioner is a competent adult.  Evidence of guardianship is not required in this case.

Respondent recommends that the compensation provided to petitioner should be made through a

lump sum payment as described below and requests that the Chief Special Master's decision and

the Court's judgment award the following[2]:  a lump sum payment of $60,605.00, representing

compensation for pain and suffering ($60,500.00), and past unreimbursable expenses ($105.00),

in the form of a check payable to petitioner, Darla Neeley.

**III.    Summary of Recommended Payments Following Judgment**

Lump sum payable to petitioner, Darla Neeley:                    **$ 60,605.00**

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

---

[2] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court
for appropriate relief.  In particular, respondent would oppose any award for future lost earnings
and future pain and suffering.

2

HEATHER L. PEARLMAN
Acting Deputy Director
Torts Branch, Civil Division

s/ Sarah C. Duncan
SARAH C. DUNCAN
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel:  (202) 514-9729
Email:  sarah.c.duncan@usdoj.gov

DATED:  March 8, 2021